2 F.3d 1153
 62 USLW 2151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph PUDLO, M.D., Plaintiff-Appellant,
v.
E. ADAMSKI, Jr., M.D., J. Schneider, M.D., S. Borushek,
M.D., et al., Defendants-Appellees.
 No. 92-1854.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 14, 1993.
Decided Aug. 9, 1993.
 
 Before COFFEY, and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Pudlo, M.D. ("Pudlo") is appealing the district court's dismissal of all five counts of his amended complaint. Pudlo purchased a medical practice and obtained provisional medical staff privileges at Resurrection Medical Center (the "Hospital"). The Hospital's Quality Assurance and Risk Management Department, which reviews patient charts to detect deviations from quality standards, forwarded the chart of one of Pudlo's patients to the Hospital's Internal Medicine Committee. As a result, the Internal Medicine Committee began a review of the care given to that patient. This review ultimately expanded to include six of Pudlo's patients. The Internal Medicine Committee ultimately recommended that Pudlo's provisional staff privileges not be extended, automatically terminating Pudlo's staff privileges at the Hospital. The Internal Medicine Committee's recommendation was forwarded to the Hospital's Executive Committee, made up of 16 doctors, which approved the recommendation. Finally, the recommendation reached the Hospital's Governing Board (the "Board"), which decided to proceed with the termination of Pudlo's staff privileges. Pudlo appealed to the Hospital's Appeals Committee, which recommended that he retain his staff privileges, but the Board, which had final authority, did not relent. After the termination of his staff privileges, Pudlo filed a complaint containing five counts: Counts I and II asserted claims under Sec. 1 of the Sherman Act; Count III asserted a claim under Sec. 2 of the Sherman Act; and Counts IV and V asserted pendent state law claims for tortious interference with contract and breach of contract, respectively.
 
 
 2
 The defendants moved for dismissal of Pudlo's claims under Fed.R.Civ.P. 12(b)(6). The district court dismissed all five counts of the complaint, rejecting the Sherman Act claims on the merits and the state claims for lack of supplemental jurisdiction.[1] Our review of the briefs and the record leads us to conclude that the district court carefully considered all issues when granting defendants' 12(b)(6) motion. We affirm for the reasons stated in the district court's thorough opinion, which may be found at 789 F.Supp. 247.
 
 
 3
 We write separately only to note our agreement with the position taken by the Third and Fourth Circuits that under the doctrine of intracorporate immunity, a hospital is legally incapable of conspiring with its medical staff during the peer-review process, when, as here, the medical staff acts with delegated authority to recommend action to the hospital's board, because the staff is acting in the same way that an officer of a corporation would act in relation to the corporation.[2] For this reason and the other reasons stated in the district court's opinion, the dismissal of Pudlo's complaint is AFFIRMED.[3]
 
 
 
 [1]
 Our reading of the district court's opinion makes it clear that the court dismissed Pudlo's state claims without prejudice, declining to exercise pendent jurisdiction because all of Pudlo's federal claims had been dismissed
 
 
 [2]
 Oksanen v. Page Memorial Hosp., 945 F.2d 696, 702-05 (4th Cir.1991) (in banc), cert. denied, 112 S.Ct. 973 (1992) (holding that a hospital is incapable of conspiring with its medical staff during the peer-review process when the functional relationship between them is analogous to that of corporation and officer); Nanavati v. Burdette Tomlin Memorial Hosp., 857 F.2d 96, 118 (3d Cir.1988), cert. denied, 489 U.S. 1078 (1989) (holding that "a hospital could not conspire with its medical staff, as an entity, because the staff operated as an officer of the corporation would in relation to the corporation") (emphasis in original) (citation and internal quotation marks omitted)
 A Sixth Circuit case, Nurse Midwifery Assoc. v. Hibbett, also provides general support for our position, recognizing that during the peer review process, "members of the medical staff were acting as agents of the hospital ... therefore, the intracorporate conspiracy doctrine is controlling." 918 F.2d 605, 614 (6th Cir.1990), cert. denied, 112 S.Ct. 406 (1991). However, we note that the support is qualified because the Nurse Midwifery court indicated in dicta that it would not apply intracorporate immunity protection when physicians are making staff privilege recommendations concerning a competitor. Id. In the instant case, the initial recommendation was made by Pudlo's direct competitors, but the review by the sixteen-member Executive Committee (twelve of whom were not in direct competition with Pudlo) and the fact that final authority was vested in the Hospital's Governing Board removed any possible resulting taint.
 The Eleventh Circuit has taken a contrary position. Bolt v. Halifax Hosp. Medical Center, 891 F.2d 810, 819 (11th Cir.), cert. denied, 110 S.Ct. 1960 (1990) (holding that a hospital and the members of its medical staff are legally capable of conspiring with each other in the peer review context). In addition, the Ninth Circuit expressly adopted the reasoning of Bolt in a case outside the peer review context. Oltz v. St. Peter's Community Hosp., 861 F.2d 1440, 1450 (9th Cir.1988) (citing an identical discussion in Bolt v. Halifax Hosp. Medical Center, 851 F.2d 1273, 1280 (11th Cir.1988)). In Oltz, the Ninth Circuit held that anesthesiologists were not acting like officers in relation to a corporation when they pressured the hospital to eliminate a nurse anesthetist as a potential competitor, because their interests were functionally antithetical to the hospital. Id.
 
 
 [3]
 On June 22, 1993, Pudlo filed a Motion to File Instanter Citation of Supplemental Authority pursuant to Federal Rule of Appellate Procedure 28(j). On July 2, 1993, the appellees filed an objection to Pudlo's motion. We grant Pudlo's motion and have considered the supplemental authority in rendering this decision